NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHSHARD J. JOHNSON, | Civil Action No. 17-8225 (JMV) |
| Petitioner, | |
| v. | **MEMORANDUM ORDER** |
| CHARLES GREEN, | |
| Respondent. | |

IT APPEARING THAT:

1. On or about August 21, 2017, Petitioner Rahshard J. Johnson filed a petition under 28 U.S.C. § 2241 in this District at Civil No. 2:17-cv-6338 (JMV) (hereinafter, Petitioner's "Original § 2241 Petition"). Petitioner's Original § 2241 Petition challenged his detention at Essex County Correctional Facility, in Newark, New Jersey. (*See* Civil Action No. 2:17-cv-6338 (JMV) at ECF No. 1.)

2. At the time Petitioner filed his Original § 2241 Petition, he was being held as a pretrial detainee in light of his pending criminal charges in this District at Criminal Action No. 2:16-cr-181 (JLL) (hereinafter, Petitioner's "Criminal Action").

3. On September 5, 2017, this Court entered an Order administratively terminating Petitioner's Original § 2241 Petition based on Petitioner's failure to pay the five-dollar ($5.00) filing fee or submit an "Application to Proceed In Forma Pauperis in a Habeas Case." (*See* Civil Action No. 2:17-cv-6338 (JMV) at ECF No. 2.) The Court's September 5th Order afforded Petitioner thirty (30) days to pay the filing fee or submit a properly completed application to proceed in forma pauperis. (*Id.*)

4. In response, on or about October 10, 2017, Petitioner filed the current petition under 28 U.S.C. § 2241, which the Clerk of Court filed as a new civil matter at Civil Action No. 2:17-cv-8225 (JMV) (hereinafter, Petitioner's "Current § 2241 Petition"). (ECF No. 1.) Petitioner included the $5.00 filing fee with that filing. (*Id.*) Petitioner's Current § 2241 Petition presents substantially the same claims that he did in his Original § 2241 Petition. (*Id.*) Ultimately, Petitioner's Current § 2241 Petition, like his original § 2241 Petition, asserts that there is no jurisdictional basis to detain him at Essex County Correctional Facility. (*Id.*) At the time Petitioner filed his Current § 2241 Petition, Petitioner's Criminal Action remained pending, and thus, Petitioner continued to be held at Essex County Correctional Facility as a pretrial detainee.

5. On or about January 5, 2018, Petitioner entered a plea of guilty in the Criminal Action to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846. (*See* Apr. 20, 2018 Amended J., Criminal Action at ECF No. 322.) Petitioner entered that plea before Chief District Judge Jose L. Linares. (*Id.*) Chief Judge Linares sentenced Petitioner to thirty-seven (37) months' imprisonment on April 10, 2018. (*See id.*)

6. Based on this Court's *sua sponte* review of public Federal Bureau of Prisons records, it appears that Petitioner is no longer be detained at Essex County Correctional as a pretrial detainee, and is instead now being held United States Penitentiary Canaan as a convicted inmate.[1]

7. It would also appear that 28 U.S.C. § 2255 – and not 28 U.S.C. § 2241 – is now the relevant statute governing Petitioner's habeas claims. However, in Petitioner's Current § 2241 Petition, he expressly claims that "the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge

---

[1] The Court's recognition of this fact does not alleviate Petitioner of his independent obligation to keep the Court apprised of his current mailing address. *See* L.Civ.R. 10.1 ("unrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk.").

2

[his] conviction or sentence" because "§ 2255 is not a habeas corpus; [a] habeas corpus is the proper forum to challenge personal jurisdiction[.]" (ECF No. 1 at ¶ 10.)

8. To the extent Petitioner is now seeking to use § 2241 to challenge his federal conviction and sentence, the Court notes that such a challenge must normally be brought pursuant to 28 U.S.C. § 2255. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (a motion filed pursuant to § 2255 is the presumptive means for challenging a federal conviction); *see also Jordan v. United States*, 615 F. App'x 764, 765 (3d Cir. 2015). As the Third Circuit has explained, "a federal prisoner can challenge his conviction or sentence under 28 U.S.C. § 2241 only if the remedy provided by 28 U.S.C. § 2255 is 'inadequate or ineffective' to test the legality of his or her detention." *Concepcion v. Zichefoose*, 442 F. App'x 622, 623 (3d Cir. 2011) (quoting *Cradle . U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002)). The § 2255 remedy is only inadequate "where the petitioner demonstrates that some limitation of scope or procedure would prevent the petitioner from receiving adequate adjudication of his or her claims under § 2255. This exception is extremely narrow and applies only in rare circumstances." *Id.* (internal quotations omitted). Section 2255 is not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539; *see also Okereke*, 307 F.3d at 120. Instead, the inadequate remedy safety valve "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Cradle*, 290 F.3d at 539. Moreover, claims brought under § 2255 are generally brought before the judge who imposed the sentence being challenged.

9. As Petitioner has now paid the appropriate filing fee in this action, this Court is required to preliminarily review Petitioner's Current § 2241 Petition under Rule 4 of the Rules Governing

Section 2254 Cases, applicable to § 2241 through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

10. Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), a habeas petition brought pursuant to § 2241 must "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground." § 2241 petitions which provide no more than "vague and conclusory grounds for habeas relief are subject to summary dismissal" under the rule. *Anderson v. Pennsylvania Attorney General*, 82 F. App'x 745, 749 (3d Cir. 2003); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988).

11. In his Current § 2241 Petition, Petitioner appears to claim only that there is no jurisdictional basis upon which he is currently being detained. Petitioner's Current § 2241 Petition fails to articulate any substantive legal arguments in support of this claim, and fails to clearly assert any other claims for relief. It therefore appears that Petitioner has failed to "specify all grounds for relief" he wishes to raise, and has likewise failed to provide any supporting facts. Moreover, as noted above, it appears that any habeas application filed by Petitioner would now be appropriately brought under § 2255, as it appears that Petitioner is now being detained pursuant to the federal conviction and sentence imposed on him in the Criminal Action. In light of the foregoing considerations, Petitioner's Current § 2241 Petition fails to satisfy the requirements of Rule 2(c) and must be dismissed without prejudice as a result. *See, e.g., Anderson*, 82 F. App'x at 749.

For the foregoing reasons, and for good cause shown,

It is, on this day 14th of June, 2018,

ORDERED that Petitioner's Current § 2241 Petition (ECF No. 1) is hereby DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that Petitioner is granted leave to amend his Current § 2241 Petition, if he so chooses, to provide sufficient factual and contextual support for any claims he wishes to raise in that pleading within thirty (30) days of the date of this Order; and it is further

ORDERED that if Petitioner wishes to reopen this case and continuing pursuing his claims under 28 U.S.C. § 2241, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Federal Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101, within thirty (30) days of the date of entry of this Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form and contain all of the claims Petitioner wishes to raise accompanied by the facts supporting those claims sufficient to permit Respondent to adequately answer his claims; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and a complete, signed § 2241 petition, the Clerk of the Court will be directed to reopen this case; and it is further

ORDERED that if Petitioner, in the alternative, chooses to file a motion under 28 U.S.C. § 2255 challenging the validity of his federal judgment and conviction, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Federal Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101, and shall file that motion in accordance within the time limits prescribed under 28 U.S.C. § 2255; that filing shall include a complete, signed habeas pleading on the appropriate form and contain all of the claims Petitioner wishes to

raise accompanied by the facts supporting those claims sufficient to permit Respondent to adequately answer his claims; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to file a motion under 28 U.S.C. § 2255 challenging the validity of his federal judgment and conviction, and a complete, signed § 2255 motion, the Clerk of the Court will be directed to open a new civil action; and it is further

ORDERED that the Clerk of the Court shall forward Petitioner the following blank habeas petition forms: (1) AO 243 (modified): DNJ-Habeas-004(Rev.01-2014); and (2) AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241; and it is further

ORDERED that the Clerk of the Court shall serve copies of this Order and the blank habeas forms listed above on Petitioner by regular U.S. mail at: (1) his current address of record; and (2) to his current place of confinement, addressed as follows: "Rahshard J. Johnson, #65070-050, U.S.P. Canaan, U.S. Penitentiary, P.O. Box 300, Waymart, Pennsylvania, 18472"; and it is finally

ORDERED that the Clerk of Court shall CLOSE the file.

s/ John Michael Vazquez
HON. JOHN MICHAEL VAZQUEZ,
United States District Judge
